IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERI DEVORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-01083-BN |
| | § | |
| ROBERT CASEY LYONS, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Robert Casey Lyons ("Defendant" or "Lyons") filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted [Dkt. No. 10]. In response, Plaintiff Keri Devore ("Plaintiff" or "DeVore") filed an amended complaint [Dkt. No. 17]. Defendant then filed a supplemental motion to dismiss [Dkt. No. 28], Plaintiff filed response [Dkt. No. 30], and Defendant filed a reply [Dkt. No. 31].

For the reasons explained below, the motion to dismiss, as supplemented, is granted in part and denied in part.

### Background

Taking Plaintiff's allegations as true, as the Court must in this context, Plaintiff worked without pay for Defendant from June 27, 2014 until February 3, 2016. During this time, Plaintiff and Defendant were romantically involved. After the breakup, Plaintiff sued Defendant for compensation for that work. Defendant seeks dismissal of Plaintiff's claims primarily on the theory that Plaintiff was not an employee.

In her original complaint, Plaintiff alleges that Defendant is a sole proprietor who operates a plumbing business under the trade name "Bunkie's Plumbing." Plaintiff alleges that she performed various duties for Defendant's business, including acting as "Lyon's 'plumber's helper,' getting tools and supplies, helping Lyons remove and install water heaters and toilets, getting heavy machinery in/out of Lyons work truck and whatever other manual labor Lyons needed to assist him in completing his work jobs. DeVore also prepared business paperwork, communicated with customers as well as First American Home Warranty (Lyon's primary supplier of work), coordinated jobs, prepared and sent invoices, tracked Lyons' mileage and schedule, prepared job quotes and called vendors as needed." Plaintiff further alleges that she "consistently worked over 40 hours per work week for Lyons' business" and that "Lyons never paid DeVore any wages for her work. ...DeVore performed the work because she and Lyons were in a romantic relationship and she wanted to support the work of her boyfriend and help him be successful. Then, when their relationship ended, DeVore was left with nothing for 83 weeks of substantial work and suffered severe financial hardship as a result. Lyons maintained all of the benefits of the free work and continued on with his business." Dkt. No. 1 at 2-3. Plaintiff sued Defendant for breach of contract, or, alternatively, quantum meruit; overtime and minimum wage violations of the Fair Labor Standards Act ("FSLA"); and violation of the Texas Minimum Wage Act. *See* id. at 3-4.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6). Defendant asserts that the Court does not have subject matter jurisdiction because his business does not meet the FLSA's $500,000 gross annual sales threshold for enterprise coverage or have two or more employees. And Defendant argues that Plaintiff fails to state a claim for which relief may be granted because she makes a judicial admission in her original complaint that she was not an employee. Dkt. No. 10.

In response, Plaintiff filed an amended complaint. In addition to the duties listed in her original complaint, Plaintiff alleges that she "would purchase tools and supplies for the business from multi-state/national/international supply stores, from which tools and supplies were procured through interstate commerce." She also alleges that "Lyons specifically told DeVore 'we need to see how we can get you paid four or five hundred dollars a week'" on a monthly basis throughout the time Plaintiff claims to have worked for Defendant. She also alleges that "[t]o customers, Lyons referred to DeVore as his 'helper.' To the home warranty company from which Lyons received the bulk of his work, he referred to DeVore as his 'office person.' Lyons told numerous friends that Devore was 'good help' and cheap labor.'" Dkt. No. 17 at 2-3. Plaintiff again sued Defendant for breach of contract or, alternatively, quantum meruit; FLSA overtime and minimum wage violations; and violation of the Texas Minimum Wage Act. *See id.* at 4-5.

Defendant filed a motion to stay consideration of or to strike Plaintiff's First Amended Complaint. *See* Dkt. No. 21. After a hearing, the Court denied the request to strike and gave Defendant additional time to answer or otherwise respond to the

amended complaint. *See* Dkt. No. 27.

Defendant filed a supplemental motion to dismiss in which he incorporated his arguments in the original motion to dismiss. As to enterprise coverage, Defendant argues that his business does not meet the $500,000 amount of annual gross sales or have two or more employees. Defendant also argues that his business falls under a "mom and pop" exemption from enterprise coverage. And for individual coverage, Defendant argues that Plaintiff is not an employee, but, is either an independent contractor, volunteer, or trainee, or is exempt under the FLSA's professional, administrative, or executive exemptions. And Defendant argues that plumbing businesses can claim a complete exemption from minimum wage and overtime pay under the FLSA's exemption for outside sales employees. *See* Dkt. No. 28.

In her response to the supplemental motion to dismiss, Plaintiff argues that the filing of the amended complaint rendered the motion to dismiss moot because it sought dismissal of the original complaint, which was no longer a live pleading. She also argues that Defendant's supplemental motion raises issues outside the complaint that may not be considered. *See* Dkt. No. 30.

In his reply, Defendant argues that the Court deferred ruling on the motion to dismiss and allowed Plaintiff to file the supplemental motion to dismiss and that Plaintiff's breach of contract and quantum meruit claims are conclusory. *See* Dkt. No. 31.

The Court now determines that the motion to dismiss, as supplemented, is granted in part and denied in part.

-4-

**Legal Standards**

I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523. On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523.

Ultimately, the Court will grant a motion to dismiss "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010; *see also Hinds v. Roper*, No. 3-07-CV-0035-B, 2007 WL 3132277, at *2 (N.D. Tex. Oct. 25, 2007).

II.   <u>Motion to Dismiss for Failure to State a Claim</u>

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However,

if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see*

*generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

As an initial matter, Plaintiff argues that the amended complaint, filed after the motion to dismiss, rendered the original motion to dismiss moot because it addressed a pleading that has been superceded and argues that the Court can only consider the arguments made in the supplemental motion to dismiss. In the amended complaint, Plaintiff asserted the same claims and added additional facts. After the amended complaint was filed, Defendant filed a supplemental motion to dismiss, with leave of court, that incorporated by reference the original motion to dismiss and addressed the additional allegations made in the amended complaint. Under these circumstances, the Court finds that the motion to dismiss is not moot and will consider the arguments made in both the original and supplemental motions to dismiss.

I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

The court's subject matter jurisdiction does not turn on whether Plaintiff has alleged facts that demonstrate coverage under the FLSA, a federal statute, but on whether her well-pleaded complaint asserts a federal-question cause of action. *See Morrow v. J W Elec., Inc.*, No. 3:11-cv-1988-D, 2011 WL 5599051, at *1 (N.D. Tex. Nov. 16, 2011). Because Plaintiff's well-pleaded complaint asserts a claim under the FSLA, she has invoked this court's federal question jurisdiction and Defendant's motion to dismiss for lack of subject matter jurisdiction lacks merit. *See* 28 U.S.C. § 1331 ("The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.");

*see also Hopkins v. Cornerstone America*, 512 F.Supp.2d 672, 681 (N.D. Tex. 2007) (applying *Arbaugh* and holding that whether the plaintiff was an "employee" under the FLSA "does not affect federal-court subject-matter jurisdiction but, instead" goes to the merits of the FLSA claim); *Lopez-Santiago v. Coconut Thai Grill*, No. 3:13-cv-4268-D, 2014 WL 840052, at *2-3 (N.D. Tex. Mar. 4, 2014) (holding that FSLA's "$500,000 gross sales volume or business done statutory limitation is merely an element of the plaintiff's claim, not a jurisdictional prerequisite"). Moreover, "'jurisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action.'" *EEOC v. Service Temps*, No. 3:08-cv-1552-D, 2010 WL 5108733, at *2 (N.D. Tex. Dec. 9, 2010) (quoting *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-17 (7th Cir. 1997)).

Plaintiff also asserts state-law claims for breach of contract or quantum meruit and violations of the Texas Minimum Wage Act. Supplemental jurisdiction is codified in 28 U.S.C. § 1367 and gives the district court discretion to exercise jurisdiction over state-law claims when: (1) federal-question jurisdiction under 28 U.S.C. § 1331 is proper and (2) the state-law claims derive from a common nucleus of operative facts. *See Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012). To determine

-11-

whether to exercise supplemental jurisdiction over a state-law claim, the Court considers whether: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Hicks v. Austin I.S.D.*, 564 F. App'x 747, 748 (5th Cir. 2014); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 n.4 (5th Cir. 2009). The Court is guided by these statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding, Inc.*, 554 F.3d at 602.

In this case, Plaintiff's state and federal law claims are closely related and derive from the same nucleus of operative facts and the common law factors weigh in favor of the Court exercising supplemental jurisdiction over the state law claims.

The motion to dismiss for lack of subject matter jurisdiction is denied.

II.   <u>Motion to Dismiss for Failure to State a Claim</u>

A.   <u>Plaintiff is not bound by judicial admission in superceded pleading</u>.

Defendant contends that Plaintiff cannot state a claim under either the FLSA or the Texas Minimum Wage Act and argues that Plaintiff judicially admitted that she was not an employee. According to Defendant, Plaintiff's statement that "DeVore performed the work because she and Lyons were in a romantic relationship and she wanted to support the work of her boyfriend and help him be successful" in her original

complaint was a judicial admission that she was a volunteer, not an employee. Defendant further argues that Plaintiff is bound by that admission notwithstanding the omission of the statement in the amended complaint.

"[F]actual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (1987) (alterations and citation omitted). But when a party has amended an earlier pleading, allegations and statements in earlier pleadings are not considered judicial admissions. *See Kilm Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, Civil Action No. 06-4350, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008) (quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002)).

Thus, the determination of whether Plaintiff is bound by the alleged judicial admission turns on whether Plaintiff properly amended her complaint. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* FED. R. CIV. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Defendant filed a motion under Rule 12(b) on June 8, 2016. *See* Dkt. No. 10. Plaintiff timely filed her amended complaint on June 29, 2016, exactly 21 days later. *See* Dkt. No. 17. Because the complaint was timely amended as a matter of course, the

statement in the original complaint is not considered a judicial admission as to Plaintiff's employment status, and the Court will consider the allegations in the amended complaint, not the original complaint, for purposes of the motion to dismiss.

B.    Plaintiff has failed to state a claim for violations of the FLSA.

The FLSA establishes minimum wage and overtime compensation requirements for covered employers. *See* 29 U.S.C. §§ 206, 207. "An employer who violate[s] these provisions [can] be held civilly liable for backpay, liquidated damages, and attorney's fees." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). Defendant argues that Plaintiff cannot prevail on the FLSA claim because Plaintiff was not an employee, but, if she was an employee, she was either a volunteer, trainee, or independent contractor, or was exempt from the FLSA under the professional, administrative, or executive exemptions. He also argues that his business does not have two or more employees, his business does not have $500,000 in annual gross sales or business done, and his plumbing business can claim exemptions from overtime and minimum wage pay under the FLSA. But the issue for purposes of a motion to dismiss is not whether Plaintiff can ultimately prevail on her claims, but whether she has alleged sufficient facts to state those claims.

First, the Court will consider whether Plaintiff has alleged sufficient facts to demonstrate that an employer-employee relationship existed.

A plaintiff bears the burden of establishing that she is an employee under the FLSA. *See Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).

The FLSA defines "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e). Because of the circular nature of that definition, the United States Supreme Court has provided a practical test for determining whether a specific individual is an "employee" for FLSA purposes by stating that "employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947); *see also Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1311 (5th Cir. 1976). Although the FLSA is to be applied broadly, "it was not intended to stamp all persons as employees, who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947). The Supreme Court has directed courts "to construe exceptions from the FLSA's coverage narrowly and in favor of employees." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295-96 (1985).

Likewise, in order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-207)). The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 209(d). The United States Court of Appeals for the Fifth Circuit has explained that the "remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877

(5th Cir. 1989). Accordingly, the Fifth Circuit has approved use of the "economic realities" test to determine who is an employer under the FLSA. *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams*, 595 F.3d at 620).

The Fifth Circuit has specifically rejected "formalistic labels or common-law notions of the employment relationship" in the FLSA context. *See Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983). Employee status is based on the economic realities of the relationship, and, therefore, the subjective beliefs of the alleged employee or employer are irrelevant to a worker's status. *See Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1049 (5th Cir. 1987). Moreover, the determination of an employment relationship "does not depend on ... isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

Defendant's primary argument is that he and Plaintiff were simply boyfriend-girlfriend, not employer-employee, and, as a result, Plaintiff is not entitled to compensation for voluntarily helping him while they were in a romantic relationship. The FLSA does not define "volunteer," but the Supreme Court has defined it as "an

individual who, 'without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit.'" *Tony & Susan Alamo Found.*, 471 U.S. at 295 (quoting *Walling*, 330 U.S. at 152). To determine whether a worker is a volunteer or an employee, the "economic reality" test asks whether the worker implicitly or explicitly expects to receive compensation or is entirely financially dependent upon the employer. *See id.* at 301. Whether a person's work confers an economic benefit to the employer is also considered, but not dispositive. *Axel v. Fields Motorcars of Florida, Inc.*, No. 8:15-CV-76-T-24 TGW, 2016 WL 2996812, at *4 (M.D. Fla. May 24, 2016).

Defendant relies on four summary judgment cases in which the courts found no employer-employee relationship. *See* Dkt. No. 10 at 2-3; *Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007); *Ford v. Houston Indep. Sch. Dist.*, 97 F. Supp. 3d 866 (S.D. Tex. 2015); *Brown v. New York City Dep't of Educ.*, 12 Civ. 0035 (PAC), 2012 WL 6186496 (Dec. 12, 2012); *Emanuel v. Rolling in the Dough, Inc.*, No. 10 C 2270, 2012 U.S. Dist. LEXIS 166206  (N.D. Ill. Nov. 21, 2012). Two of those cases, *Steelman* and *Emanuel*, involved parties who formerly had been in romantic relationships similar to this case. While acknowledging that one member of a romantic couple may be an employee of the other, the Fourth Circuit also explained that the FLSA is not "available as a weapon upon the dissolution of all domestic partnerships and other intimate arrangements involving shared funds and shared labor." *Steelman,* 473 F.3d at 132. In determining employment status in the summary judgment context, all of those courts considered

the facts of each case, including the nature of the relationship between the parties, in their analysis of the economic realities test.

Here, Plaintiff alleges that Defendant is a sole proprietor. As a sole proprietor, Defendant would run the business and possess the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, and maintain employment records. Plaintiff mentions no other employees. Plaintiff describes the work she claims to have done for Defendant, but does not state any facts concerning how Plaintiff supervised or controlled the work. Plaintiff also alleges that Defendant told her "we need to see how we can get you paid four or five hundred dollars a week," which implies that Defendant determined the rate of pay.  And Plaintiff states that despite the fact that Defendant never paid her any wages,  "she continued to perform the work because she and Lyons were in a romantic relationship and she wanted to support the work of her boyfriend and help him be successful."

Defendant's use of the terms "helper" or "office person" to describe Plaintiff's position are unavailing. In determining an individual's status as "employee" within the meaning of the FLSA, the defendant's intent or the label he attaches to the relationship are meaningless unless it mirrors the economic realities of the relationship. *Castillo v. Givens*, 704 F.2d 181, 188 (5th Cir. 1983).

Plaintiff has failed to plead facts showing the typical arms-length, bargained-for exchange of assets for labor, but instead states that she helped her boyfriend in his

business for eighteen months without compensation because she wanted him to be successful. Under the totality of the circumstances, as alleged by Plaintiff, the Court concludes that Plaintiff has failed to state sufficient facts to show that an employer-employee relationship existed.

Furthermore, taking Plaintiff's allegations as true, if Plaintiff and Defendant were both employees, the business had two employees. But because Plaintiff has failed to state facts showing that there was an employer-employee relationship between Plaintiff and Defendant, Plaintiff has also failed to state sufficient facts to show that Defendant's business had two or more employees as required to be liable under the FLSA.

The Court next considers whether Plaintiff has alleged sufficient facts to demonstrate either individual or enterprise coverage.

To establish a claim for either unpaid overtime or minimum wage compensation under the FLSA, a plaintiff must prove that she was an "employee[] engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis in original). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis in original).

For purposes of establishing enterprise coverage, the FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one

that

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Lopez-Santiago,* 2014 WL 840052, at *1-*2.

The first prong of the enterprise coverage definition can be met in one of two ways: (1) either by the "engaged in commerce" clause or (2) the "handling" clause. The "engaged in commerce" clause can be analyzed essentially in the same manner as individual coverage is analyzed, although the question as to individual coverage is whether the plaintiff himself engaged in interstate commerce, whereas the question in an enterprise coverage analysis is whether any two or more of the business's employees engaged in interstate commerce. *See Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 439 & n.4 (N.D. Tex. 2012). The "handling clause" requires the court to find that an employer had more than one employee "handling, selling, or otherwise working on" goods that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i); *Mendoza*, 911 F. Supp. 2d at 441. Enterprise coverage is an element of a claim rather than a jurisdictional prerequisite. *See Lopez-Santiago*, 2014 WL 840052, at *3; *Rodriguez v. Myrmidones LLC*, No. 8:14-cv-618; 2014 WL 1779296, at *2 (May 5, 2014).

Plaintiff has failed to allege any facts concerning Defendant's annual gross volume of sales made or business done, much less that it exceeds the $500,000 threshold, and, for that reason alone, has failed to state a claim that Defendant is subject to enterprise coverage under the FLSA.

For purposes of establishing individual coverage, courts apply a practical test, which looks to whether an employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mendoza*, 911 F. Supp. 2d at 439. There is no *de minimus* requirement. "'[A]ny regular contact with commerce, no matter how small, will result in coverage.'" *Sobrinio, Inc.,* 474 F.3d at 829 (quoting *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979)).

"[C]ourts routinely look to whether the employee's work engages him in the 'actual movement of persons or things.'" *Mendoza*, 911 F. Supp. 2d at 433. Employees' work that merely affects commerce is not sufficient to establish individual coverage. *See Barr v. Custom Design & Installation, Inc.*, No. 3:13-CV-04925-M, 2015 WL 1255870, at *2 (N.D. Tex. Mar. 19, 2015). The work must be "entwined with the continuous stream of interstate commerce," and it is not sufficient that the employee "used products that had traveled in interstate commerce." *Sontay v. Hin's Garden*, No. H:13-CV-3721, 2014 WL 6722507, at *4 (S.D. Tex. Nov. 26, 2014). Working on goods that have previously moved through interstate commerce is not considered "part of the functioning of an instrumentality or facility of interstate commerce" and even

purchasing products that have been manufactured out of state is insufficient to satisfy individual coverage. *Stanley v. Sawh*, No. CV H-13-3284, 2016 WL 561177, at *4 (S.D. Tex. Feb. 12, 2016)

Plaintiff alleges that she purchased "tools and supplies for the business from multi-state/national/international supply stores, from which tools and supplies were procured through interstate commerce." Those stores included "Locke Supply Co. (locations in five states), Ferguson Plumbing Supplies (national company with approximately 1,450 service centers and 300 showrooms around the United States), Home Depot (international), and Lowe's (nationwide)." Dkt. No. 17 at 3. Plaintiff's allegation that the "tools and supplies were procured through interstate commerce," without more, is too conclusory to state the engaged-in-commerce element of the claim.

Plaintiff also fails to state sufficient facts to establish that the tools and supplies she purchased for Defendant's business were related to interstate commerce. "[A]n employee engages in purely local activity when she purchases good from a local retail store to contribute to the operations of an intrastate business, even though the goods have traveled interstate." *Barr*, 2015 WL 1255870, at *4 (holding that lawn mowing company was not engaged in commerce "even though ... the employee undoubtedly used tools ... that had traveled in interstate commerce."). Nor has Plaintiff pleaded any facts to show that Defendant's business is not intrastate. *See* Dkt. No. 17 at 3. Plaintiff mentions Home Depot as an international supply store to establish her connection with interstate commerce, but "a customer who purchases an item from Home Depot is not

engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers." *See* Dkt. No. 17 at 3; *see Barr*, 2015 WL 1255870, at *4. While interstate phone calls, transactions, and mail could be indicative of interstate commerce, *see Barr*, 2015 WL 1255870, at *5, and Plaintiff has stated that she prepared business paperwork and called vendors, she has failed to specify the interstate nature of those activities. *See* Dkt. No. 17 at 3. Moreover, working on goods that have previously moved through interstate commerce is not considered "part of the functioning of an instrumentality or facility of interstate commerce," and even purchasing products that have been manufactured out of state is insufficient to satisfy individual coverage. *Stanley v. Sawh*, 2016 WL 561177, at *4.

The undersigned concludes that Plaintiff has failed to state a claim for individual coverage under the FLSA because she fails to plead sufficient facts to show that her work was engaged in commerce.

The Court need not address the additional arguments raised in Defendant's Supplemental Motion to Dismiss, including whether Plaintiff was an independent contractor or trainee, the classification of goods under various Department of Labor regulations, the lack of an employer-employee relationship in various industries, and various exemptions available to plumbers or those in plumbing businesses, *see* Dkt. No. 28 at 3-4. Defendant has failed to explain how any of those arguments would require dismissal of Plaintiff's FLSA claim.

For all of these reasons, the Court concludes that Plaintiff has failed to state a

claim for violations of the FLSA. And because Plaintiff amended her complaint after the motion to dismiss was filed, the Court assumes that Plaintiff has stated her best case. Therefore, the FLSA claim will be dismissed with prejudice.

C.     Plaintiff has not stated a claim under the Texas Minimum Wage Act.

Plaintiff asserts a claim for violation of the Texas Minimum Wage Act ("TMWA") for failure to pay her the minimum wage mandated by state law. The TMWA requires that employers pay employees the federal minimum wage, and expressly provides that its provisions "do not apply to a person covered by the [FLSA]." *See* TEX. LAB. CODE ANN. § 62.051; *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 425 (5th Cir. 2011). But a plaintiff is not automatically entitled to compensation under the TMWA for any activity that is not compensable under the FLSA. *See Chambers*, 428 F. App'x at 425.

Defendant argues that Plaintiff has not stated a TMWA claim because Plaintiff is not an employee. The Court agrees for the reasons stated above and the TMWA claim will be dismissed with prejudice.

D.     Plaintiff has stated a quantum meruit but not a breach of contract claim.

Plaintiff asserts claims based on breach of contract. *See* Dkt. No. 10 at 3-4.  The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007).

Plaintiff alleges that Defendant told her "we need to see how we can get you paid," but that it not sufficient to show that a valid contract exists between Plaintiff and Defendant, and a valid contract is an essential element to a breach of contract claim. *See Smith*, 490 F.3d at 387. Therefore, without a valid contract, Plaintiff cannot bring a claim for which relief can be granted, *see id,* and the breach of contract claim will be dismissed with prejudice.

In the alternative, Plaintiff asserts a claim for quantum meruit. Defendant contends that Plaintiff cannot state a quantum meruit claim because she has not stated sufficient facts to show that Plaintiff put Defendant on reasonable notice that she expected compensation. *See* Dkt. No. 10 at 3-4. Where there is no valid, enforceable contract covering the services furnished, a party may still recover under quantum meruit. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005); *see also Truly v. Austin*, 744 S.W.2d 934, 936-37 (Tex. 1988) (recovery in quantum meruit may be permitted despite the existence of an express contract that covers the subject matter of the claim where a breaching plaintiff is "allowed to recover the reasonable value of services less any damages suffered by the defendant"). The Texas Supreme Court has defined quantum meruit as "an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg,* 166 S.W.3d at 740 (internal quotation marks omitted); *see also Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (quantum meruit provides an equitable remedy that does not arise out of or depend on an

enforceable express contract). Founded on unjust enrichment, "[r]ecovery in quantum meruit will be had when non-payment for the services rendered would result in an unjust enrichment to the party benefitted by the work." *Vortt*, 787 S.W.2d at 944 (internal quotation marks omitted).

In Texas, "[t]o recover under the doctrine of quantum meruit, a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros.*, 832 S.W.2d at 41; *see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 975 (5th Cir. 2014). "The measure of damages in quantum meruit is the 'reasonable value of the work performed.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (footnote omitted). "Damages must be proven to a reasonable certainty, but mathematical precision is not required." *United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 965 (5th Cir. 1998).

Plaintiff adequately pleads quantum meruit as an alternative to a breach of contract claim by stating that she conferred services, including manual labor and business paperwork, to Defendant, which Defendant accepted. Defendant also told Plaintiff that he would see how to get her paid on a monthly basis, giving her the expectation of payment. *See* Dkt. No. 17 at 3.

Defendant contends that Plaintiff cannot prevail on her quantum meruit claim

because she has unclean hands. "[T]he doctrine of unclean hands is an affirmative defense that applies to a party seeking equitable remedies." *Moye v. Fed. Home Loan Mortgage Corp.*, No. CIV.A. H–12–0502, 2012 WL 3048858, at *3 (S.D.Tex. July 25, 2012) (citing *Bagby Elevator Co., Inc. v. Schindler Elevator Corp.*, 609 F.3d 768, 774 (5th Cir.2010)). Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *See U.S., ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) ("As already discussed, our cases and the leading Supreme Court case applying judicial estoppel have invoked the doctrine at the motion-to-dismiss stage. Where the defense appears on the face of the pleadings and in judicially noticeable facts, it may be considered in a motion to dismiss."); *Harris v. Rivera*, No. 3:11-cv-3013-D, 2013 WL 246709, at *5 (N.D. Tex. Jan.23, 2013); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) ... when [an] affirmative defense clearly appears on the face of the complaint.").

Defendant argues that Plaintiff's statement that "[d]espite not receiving the wages that Lyons said she should or would be receiving, DeVore continued to perform the work because she and Lyons were in a romantic relationship and she wanted to support the work of her boyfriend and help him be successful" shows that Plaintiff does not have clean hands because she did not seek compensation until after the breakup. The clean hands affirmative defense does not appear clearly on the face of the

pleadings because Plaintiff's statement implies that she expected payment. Accordingly, Plaintiff has stated a claim for recovery in quantum meruit.

## Conclusion

Defendant Robert Casey Lyon's Motion to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for a Failure to State a Claim Upon Which Relief Can Be Granted [Dkt. No. 10], as supplemented by Defendant's Supplemental Motion to Dismiss [Dkt. No. 28] is granted in part and denied in part. The Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied. The Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted is granted in part and denied in part. Plaintiff's claims for breach of contract and violations of the Federal Labor Standards Act and Texas Minimum Wage Act are dismissed with prejudice. Plaintiff's quantum meruit claim is not dismissed.

DATED: October 25, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE