IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERI DEVORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1083-BN |
| | § | |
| ROBERT CASEY LYONS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Keri DeVore filed a motion to dismiss Defendant/Counter-Plaintiff Robert Casey Lyons's counterclaims against him. *See* Dkt. No. 36. In response, Lyons filed both a response to Plaintiff's motion to dismiss [Dkt. No. 39] and an amended answer [Dkt. No. 40]. DeVore did not file a reply within the requisite time period. *See* FED. R. CIV. P. 12(a); N.D. TEX. L. CIV. R. 7(f).

For the reasons explained below, the Court DENIES the motion to dismiss [Dkt. No. 36].

## Background

In her original complaint filed June 29, 2016, DeVore alleges that Lyons is a sole proprietor who operates a plumbing business under the trade name "Bunkie's Plumbing." She asserts that, during the time period of June 27, 2014 through February 3, 2016, she and Lyons were romantically involved. *See* Dkt. No. 1 at 3. DeVore also alleges that she performed various duties for Lyons's business, including acting as "Lyon's 'plumber's helper,' getting tools and supplies, helping Lyons remove and install

water heaters and toilets, getting heavy machinery in/out of Lyons work truck and whatever other manual labor Lyons needed to assist him in completing his work jobs." Dkt. No. 1 at 2. DeVore further asserts that she "prepared business paperwork, communicated with customers as well as First American Home Warranty (Lyon's primary supplier of work), coordinated jobs, prepared and sent invoices, tracked Lyons' mileage and schedule, prepared job quotes and called vendors as needed." *Id.* at 2-3. DeVore maintains that she performed this work for Lyons's businesses because she "wanted to support the work of her boyfriend and help him be successful." *Id.*

DeVore asserts that she "consistently worked over 40 hours per work week for Lyons's business" and that "Lyons never paid DeVore any wages for her work." *Id.* at 3. When the romantic relationship between the two parties ended, "DeVore was left with nothing for 83 weeks of substantial work and suffered severe financial hardship as a result [but] Lyons maintained all of the benefits of the free work and continued on with his business." *Id.*

After the breakup, DeVore sued Lyons for: (1) breach of contract, or, alternatively, quantum meruit; (2) overtime and minimum wage violations of the Fair Labor Standards Act; and (3) violation of the Texas Minimum Wage Act. *See id.* at 3-4.

On June 8, 2016, Lyons filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 10. In response, DeVore filed an amended complaint on June 29, 2016. *See* Dkt. No. 17. Lyons then filed

a motion to stay consideration of, or to strike, DeVore's first amended complaint. *See* Dkt. No. 21. After a hearing, the Court denied the request to strike and gave Lyons additional time to answer or otherwise respond to the amended complaint. *See* Dkt. No. 27.

Lyons filed a supplemental motion to dismiss in which he incorporated his arguments in the original motion to dismiss. *See* Dkt. No. 28. On October 25, 2016, the Court issued an Order granting in part and denying in part Lyons's supplemental motion to dismiss. *See* Dkt. No. 32.

In both his original answer filed on November 16, 2016, and his first amended answer filed on January 7, 2017, Lyons included counterclaims of conversion, invasion of privacy, and tortious interference. *See* Dkt. Nos. 35 & 40. On December 7, 2016, DeVore filed a motion to dismiss Lyons's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 36 at 2-3. DeVore asserts that Lyons fails to state a claim for which relief may be granted because the "lack of any detail as to any alleged conduct on DeVore's part makes her unable to prepare an adequate defense against the counterclaims." *Id.* at 4.

Lyons filed a response to DeVore's motion to dismiss. *See* Dkt. No. 39. In supplementing the counterclaims listed in his original and amended answers, Lyons offered more detail regarding the substance of the first and second counterclaims, for conversion and invasion of privacy, and withdrew his third counterclaim of tortious interference. *See id.* at 1-3.

Taking Lyons's allegations as true, as the Court must in this context, DeVore took multiple personal and business papers of Lyons, including his "credit card, banking and accounts information, computer passwords, business and personal clothing ... business appointment books, customer names, addresses, telephone numbers and work order information, rate lists, bank records, his social security and credit card numbers, house keys, motorcycle keys, various work clothing of his, loan statements, etc." on or before her final departure from Lyons's residence on February 3, 2016. Dkt. No. 40 at 3.

DeVore did not file a reply to Lyons's response to her motion to dismiss. DeVore seeks dismissal of Lyons's remaining counterclaims of conversion and invasion of privacy primarily on the theory that Lyons failed to state a claim on which relief for either counterclaim can be granted.

The Court now determines that DeVore's motion must be denied.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, the moving party must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the moving party must allege more than labels and conclusions, and, while a court must accept all of the moving party's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, the moving party need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the moving party contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th

Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a moving party's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th

Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether *Twombly* and *Iqbal*'s plausibility standard applies, and the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

As an initial matter, DeVore argues that Lyons's counterclaims "fail to allege any facts at all to support the counterclaims." Dkt. No. 36 at 1. But Lyons asserted more facts that substantiated the counterclaims when he filed both his amended original answer as well as his response to DeVore's motion to dismiss. *See* Dkt. Nos. 39 & 40.

DeVore further asserts that "Lyons attached various documents to the Original Answer and Counterclaims, but made no reference in the pleading itself to those documents nor did he explain what DeVore and the Court are supposed to infer from those documents, if anything." Dkt. No. 36 at 1-2. But Lyons's amended original answer makes reference to the attached police report and the letter sent from Lyons's attorney to DeVore's attorney demanding the return of the items that Lyons alleges were converted by DeVore. *See* Dkt. No. 40 at 3-4.

I.    <u>Motion to Dismiss for Failure to State a Claim</u>

A.    Conversion

Under Texas law, conversion is "the wrongful exercise of dominion and control over another's property in violation of the property owner's rights." *ITT Commercial Fin. Corp. v. Bank of the W.*, 166 F.3d 295, 305 (5th Cir. 1999). "The elements of a conversion cause of action are: (1) plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with plaintiff's rights; (3) plaintiff made a demand for the

property; and (4) defendant refused to return the property.'" *Felchak v. JP Morgan Chase Bank, N.A.*, No. H-12-2847, 2013 WL 1966972, at * 3 (S.D. Tex. May 10, 2013) (quoting *Allan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*, 287 S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.)).

Lyons alleges that DeVore converted "his business papers, accounts, accounting books, etc." Dkt. No. 40 at 3. He outlines two instances in which he made formal demand for the return of his property from DeVore by way of communications sent by his attorney, Mr. David Jones, to DeVore's attorney, Mr. Kerry O'Brien.

The first was an e-mail sent to Mr. O'Brien on May 31, 2016 in which Mr. Jones made a demand for "immediate return of all the personal and business papers of Mr. Lyons, including credit card, banking and accounts information, computer passwords, business and personal clothing," which Lyons alleges that DeVore took with her on her way out of their shared residence on February 3, 2016. Dkt. No. 40 at 3.

The second was a letter sent to Mr. O'Brien on June 4, 2016 in which Mr. Jones "sent a much more detailed list of all items taken by DeVore, including business appointment books, customer names, addresses, telephone numbers and work order information, rate lists, bank records, his social security and credit card numbers, house keys, motorcycle keys, various work clothing of his, loan statements, etc." *Id.* Lyons included in his conversion counterclaim the allegation that DeVore formally "denied taking anything but the motorcycle chaps" through an e-mail dated June 22, 2016. *Id.*

Lyons also attached to his original answer a copy of the Midlothian Police Report

in which DeVore's last day at the parties' shared residence was described. *See* Dkt. No. 35. Through this exhibit, Lyons demonstrates that policemen advised DeVore that she could take anything she wanted from the house since she was living at his address. "She proceeded to do just that and loaded up her car with all the items mentioned in the correspondence." Dkt. No. 40 at 3-4.

DeVore argues that not only does Lyons's "pleading fail to provide the basic pleading requirements of the Federal Rules of Civil Procedure, but the lack of any detail as to any alleged conduct on DeVore's part makes her unable to prepare an adequate defense against the counterclaims [and] therefore the counterclaims should be dismissed." Dkt. No. 36 at 3. But, on these facts, the Court does not agree with this characterization of the conversion counterclaim as pleaded, where Lyons pleaded the elements of a conversion claim as defined by Texas common law.

Lyons sets out that the business papers, accounts, bank records, and customer lists were his prior to the alleged conversion incident. He further alleges the means and manner by which DeVore purportedly assumed and exercised dominion and control of the property to the exclusion of his rights when he attached the Midlothian Police Report which documented DeVore's taking of such items. Moreover, the inclusion of a description of two communications sent to DeVore's attorney by way of his counsel listing out the purportedly converted items and requesting their immediate return satisfies the requirement that Lyons make a demand for the property. Finally, Lyons alleges that DeVore, through e-mail correspondence on June 22, 2016, refused to return the requested property when she denied taking anything except one listed item.

-10-

On these facts, the Court holds that Lyons's conversion counterclaim satisfies Rule 8(a)(2)'s pleading requirements and was pleaded with sufficient factual support that allows the Court to infer Lyons's right to relief is, at a minimum, plausible. *See Iqbal*, 556 U.S. at 679.

B.    Invasion of Privacy

According to the Restatement (Second) or Torts, the elements of an invasion of privacy claim are: (1) an unreasonable intrusion upon the seclusion of another; or (2) appropriation of the other's name or likeness; or (3) unreasonable publicity given to the other's private life; or (4) publicity that unreasonably places the other in a false light before the public. RESTATEMENT (SECOND) OF TORTS Section 652A (1977). However, the fourth type of invasion of privacy, the "false light" tort, is not recognized in Texas "for two reasons: (1) it largely duplicates other rights of recovery, particularly defamation; and (2) it lacks many of the procedural limitations that accompany actions for defamation, thus unacceptably increasing the tension that already exists between free speech and constitutional guarantees and tort law." *Crain v. Hearst Corp.*, 878 S.W.2d 577, 579-80 (Tex. 1994). Instead, "Texas recognizes three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure on private facts, and (3) appropriation of name or likeness." *James v. Dallas Police Dep't*, No. 3:12-cv-457-N-BN, 2013 WL 607154, at *4 (N.D. Tex. Feb. 4, 2013) (citing *Crain v. Hearst Corp.*, 878 S.W.2d 577, 578 (Tex. 1994)), *rec. accepted*, 2013 WL 607153 (N.D. Tex. Feb. 19, 2013).

Lyons alleges that the facts pleaded in support of his conversion counterclaim also support his invasion of privacy claim. The Court agrees, where the facts described above could comport with either the first or third type of invasion of privacy tort recognized under Texas law – intrusion on seclusion or the appropriation of name or likeness, respectively. The facts supporting the allegation of conversion of personal property as pleaded by way of the conversion counterclaim could plausibly give rise to an actionable invasion of Lyons's privacy. *See* Dkt. No. 40 at 3-4. Along with his original answer filed on November 16, 2016, Lyons attached a copy of the Midlothian Police Report in which DeVore's last day at the parties' shared residence was described. *See* Dkt. No. 35. The report makes clear that DeVore made four or five trips to her vehicle as she packed up the items that she intended to take from the residence. *See id.* Given the personal and confidential nature of the items purportedly removed from Lyons's residence, it is plausible to infer from the facts pleaded that an actionable invasion of privacy also occurred.

DeVore argues that not only does Lyons's "pleading fail to provide the basic pleading requirements of the Federal Rules of Civil Procedure, but the lack of any detail as to any alleged conduct on DeVore's part makes her unable to prepare an adequate defense against the counterclaims [and] therefore the counterclaims should be dismissed." Dkt. No. 36 at 3. But, again, the Court disagrees, where, as repleaded in his amended original answer, Lyons successfully pleaded the elements of an invasion of privacy claim as defined by Texas common law.

Lyons sets out that his description and evidentiary support of DeVore's "removal

-12-

of the bulk of all his business and persona [*sic*] papers and accounts" which "would be highly offensive to a reasonable person" satisfy the requirements to successfully plead an invasion of privacy claim. Dkt. No. 40 at 4. He alleges that "he can show by clear and convincing evidence that [DeVore] acted with malice in this intrusion [by way of demonstration of] her refusal to return all of his personal and business confidential papers and accounts after notice and request for immediate return." *Id.* (citing *James*, 2013 WL 607154).

On these facts, the Court concludes that Lyons's invasion of privacy counterclaim satisfies Rule 8(a)(2)'s pleading requirements and was pleaded with sufficient factual support that allows the Court to infer Lyons's right to relief is, at a minimum, plausible. *See Iqbal*, 556 U.S. at 679.

## Conclusion

The Court DENIES Plaintiff Keri DeVore's motion to dismiss Robert Casey Lyons's counterclaims for a failure to state a claim upon which relief can be granted [Dkt. No. 36]. Lyons's counterclaims of conversion and invasion of privacy may proceed as pleaded.

SO ORDERED.

DATED: April 4, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE